IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN BRILEY                                                                              PETITIONER

VS.                          CASE NO. 5:14CV00434 JM/HDY

LARRY NORRIS, Acting Director of the
Arkansas Department of Correction                                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**DISPOSITION**

John Briley seeks habeas corpus relief pursuant to 28 U.S.C. §2254. In his petition, filed on December 4, 2014, Mr. Briley contends he was unfairly denied parole from his 2001 sentence for fleeing, theft by receiving, and drug offenses. Mr. Briley was sentenced to 240 months imprisonment for these crimes. Previously, in 2008, Mr. Briley was released on parole. After absconding four times between March 28, 2011, and May 17, 2014, Mr. Briley's parole was revoked on May 28, 2014. The specific claim advanced by Mr. Briley is that the Arkansas Parole Board recommended he be paroled in November of 2014 but that the Department of Community Correction (DCC) refused to parole him due to erroneous information contained in his criminal history regarding a 1991 conviction.

There are two reasons why Mr. Briley's petition is without merit and should be dismissed. First, federal habeas corpus relief is available only if one is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Mr. Briley's argument, although couched in "due process" terms, is actually a claim that the state erred in its parole process. *Richmond v. Duke*, 909 F.Supp. 626 (E.D. Ark. 1995). This claim, similar to the claim raised in *Haag v. Hobbs*, 2011 WL 1060673 (E.D. Ark. 2011), fails:

> In order to obtain relief under 28 U.S.C. § 2254, a petitioner must prove that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Fourteenth Amendment to the United States Constitution provides, in part, that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "Protected liberty interests under the Fourteenth Amendment may arise from the

> Due Process Clause itself or from State laws." *Callender v. Sioux City Residential Treatment Facility,* 88 F.3d 666, 668 (8th Cir.1996).
>
> The United States Constitution does not provide a prisoner with a liberty interest in a reduced sentence, and the Supreme Court of the United States has held that a convicted person does not have a constitutional or inherent right to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7 (1979); *Sandin v. Connor,* 515 U.S. 472, 487 (1995) (possibility of early release is not a liberty interest).
>
> In establishing a parole system, a state may create a liberty interest that is protectible under the Fourteenth Amendment. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1 (1979); *see Board of Pardons v. Allen,* 482 U.S. 369, 373–81 (1987). However, nothing in the Arkansas parole statutes creates anything more than a mere possibility of parole, and thus the statutes do not establish any right to release on parole which would invoke due process protection. *Pittman v. Gaines,* 905 F.2d 199, 200–01 (8th Cir.1990); *Parker v. Corrothers,* 750 F.2d 653, 655–57 (8th Cir.1984); *Robinson v. Mabry,* 476 F.Supp. 1022, 1023 (E.D.Ark.1979). When a prisoner is committed to the custody of a state penal authority, such as the ADC, "he can be assured of only one thing—that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Richmond v. Duke,* 909 F.Supp. 626, 631 (E.D.Ark.1995). Because Mr. Haag has no federal or state liberty interest in the possibility of obtaining parole, he is not entitled to habeas relief and his claim should be dismissed.

*Haag v. Hobbs*, at pages 2-3. Mr. Briley's allegation of a constitutional violation in the handling of his parole is without merit, and the petition should be dismissed as failing to advance a claim of constitutional magnitude.

The second reason for dismissal is that Mr. Briley was paroled a few days after filing this application – on December 12, 2014. Docket entry 5-3, page 1. As a result, the relief sought by Mr. Briley cannot be granted as he has already received this relief[1]. The case is therefore moot and should, in the alternative, be dismissed on that basis.

In summary, we recommend that the petition for writ of habeas corpus be dismissed and

---

[1] The records show that Mr. Briley was released on December 12, 2014, and picked up that day on a Pulaski County warrant. There is no suggestion that the warrant was related to the charges for which Mr. Briley was originally imprisoned. In addition, the records show that Mr. Briley absconded on December 19, 2014. Docket entry no. 5-3. These events do not alter the fact that the relief sought, parole, was granted.

the relief requested be denied, as there is no merit to the ground advanced by the petitioner.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this  27   day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE